UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **ANN GARDNER** | : | CIVIL ACTION NO.: **1:12-cv-561** |
| 5814 N. Dearborn Street | : | |
| Indianapolis, IN  46220 | : | JUDGE: |
| | : | |
| and | : | |
| | : | |
| **PAMELA M. KAPUSTAY** | : | **COMPLAINT WITH JURY DEMAND** |
| 3766 Sunset Knolls Drive | : | |
| Thousand Oaks, CA  91362 | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| vs. | : | |
| | : | |
| **WELLPOINT, INC.** | : | |
| 120 Monument Circle | : | |
| Indianapolis, IN  46204 | : | |
| | : | |
| Defendant | : | |

Now come Plaintiffs and for their Complaint against the Defendant hereby state as follows:

## I.  THE PARTIES

1. Plaintiff Ann Gardner ("Gardner") is a resident and citizen of the State of Indiana, residing in Marion County.

2. Plaintiff Pamela M. Kapustay ("Kapustay") is a resident and citizen of the State of California, residing in Ventura County.

3. Defendant Wellpoint, Inc. ("Wellpoint") is an Indiana corporation doing business in Marion County.

4. Wellpoint is an employer as that term is defined under 29 U.S.C. § 630(b) and 42

U.S.C. §§ 2000e, *et seq.*

## II.   JURISDICTION AND VENUE

5. Jurisdiction of this case for the claims raised by Plaintiff Gardner is based upon 28 U.S.C. § 1331 because of the federal questions raised herein, specifically under 29 U.S.C. §§ 623, *et seq*. and 42 U.S.C. §§ 2000e, *et seq.*

6. Jurisdiction over Plaintiff Kapustay's claims is based upon 28 U.S.C. §1331 because of the federal questions raised herein, specifically under 42 U.S.C. §§623, *et seq*. and 42 U.S.C. §§ 2000e, *et seq.*  Jurisdiction is also based upon 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs and the Plaintiff Kapustay and Defendant are citizens of different states.

7. Venue is appropriate in this judicial district because the Defendant resides in this judicial district.

## III.   PLAINTIFF GARDNER'S STATEMENT OF FACTS

8. Plaintiff Gardner is over the age of 40.

9. Plaintiff Gardner was hired in May 2007.  Plaintiff Gardner was terminated from her employment on or about November 12, 2010.

10. During the period of her employment for Wellpoint, Plaintiff Gardner performed her job duties in a capable and competent manner.

11. In a conversation that occurred on November 12, 2010, Plaintiff Gardner met with Linda Sopek, a Wellpoint HR representative, and Jean Piercy.  During that conversation, both individuals accused Plaintiff Gardner of circumventing Wellpoint's HR policies for an associate who was reporting to Gardner.

      Defendant terminated Plaintiff's employment.  Plaintiff Gardner denied that she had violated any HR policies and asked for the specific factual basis which the company claimed was the basis for her termination.

12. Both Sopek and Piercy refused to provide any details and would not allow Plaintiff Gardner to defend against the alleged actions which Wellpoint claims were the reason for Plaintiff Gardner's termination.  The reasons articulated for Plaintiff's termination are untrue.

13. Plaintiff Gardner states, upon information and belief, the real reasons for her termination are unlawful, including her age or sex.

## IV.   PLAINTIFF GARDNER'S FEDERAL AGE DISCRIMINATION CAUSE OF ACTION

14. Plaintiffs reallege the allegations contained in paragraphs 1 through 13 as if fully rewritten herein.

15. The actions of the Defendant and/or its agents in terminating Plaintiff Gardner were because of her age in violation of 29 U.S.C. §§ 626, *et seq.*

16. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff is entitled to all damages as provided under 29 U.S.C. §§ 626, *et seq.*

## V.   PLAINTIFF GARDNER'S FEDERAL SEX DISCRIMINATION CAUSE OF ACTION

17. Plaintiffs reallege the allegations contained in paragraphs 1 through 16 as if fully rewritten herein.

18. The actions of the Defendant and/or its agents in terminating Plaintiff Gardner were because of her sex in violation of 42 U.S.C. §§ 2000e, *et seq.*

19. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff Gardner is entitled to all damages as provided under 42 U.S.C. §§ 2000e, *et seq.*

20. On or about September 6, 2011, Plaintiff Gardner filed a charge of discrimination with the EEOC, a copy of which is attached herein as Exhibit "A" and incorporated by reference. The charge was assigned no. 473-2011-01340.

21. On or after February 8, 2012, Plaintiff Gardner received a notice of right to sue letter relating to the allegations asserted herein. A copy of which is attached hereto as Exhibit "B" and incorporated by reference. Plaintiff has satisfied the jurisdictional prerequisites in which to bring her federal claims against the Defendant.

### VI.   PLAINTIFF KAPUSTAY'S STATEMENT OF FACTS

22. Plaintiffs reallege the allegations contained in paragraphs 1 through 21 as if fully rewritten herein.

23. Plaintiff Kapustay is over the age of 40.

24. Plaintiff Kapustay was hired on June 26, 2006. Plaintiff Kapustay was terminated from her employment on or about November 12, 2010.

25. During the period of her employment for Wellpoint, Plaintiff performed her job duties in a capable and competent manner.

26. On November 2, 2010, Plaintiff Kapustay received an email and voice message from Joann (Wagner) Herrera requesting a meeting relating to a confidential issue.

27. Thereafter, on November 12, 2010, Plaintiff Kapustay had a discussion with her manager, Jean Piercy, and a HR manager named Michelle Jordanhazy. During the

meeting, Piercy and Jordanhazy alleged that Plaintiff Kapustay had circumventing HR policy.  Plaintiff denied that she had circumvented any HR policy or violated any company policy, procedures or protocols.

28. Defendant terminated Plaintiff Kapustay on that date.  The reason articulated by the Defendant and/or its employees is pretextual in order to hide Defendant's unlawful discrimination.

### VII.  PLAINTIFF KAPUSTAY'S FEDERAL AGE DISCRIMINATION CAUSE OF ACTION

29. Plaintiffs reallege the allegations contained in paragraphs 1 through 28 as if fully rewritten herein.

30. The actions of the Defendant and/or its agents in terminating Plaintiff Kapustay were because of her age in violation of 29 U.S.C. §§ 626, *et seq.*

31. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff Kapustay is entitled to all damages as provided under 29 U.S.C. §§ 626, *et seq.*

### VIII.  PLAINTIFF KAPUSTAY'S FEDERAL SEX DISCRIMINATION CAUSE OF ACTION

32. Plaintiffs reallege the allegations contained in paragraphs 1 through 31 as if fully rewritten herein.

33. The actions of the Defendant and/or its agents in terminating Plaintiff Kapustay were because of her sex in violation of 42 U.S.C. §§ 2000e, *et seq.*

34. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff Kapustay is entitled to all damages as provided under 42 U.S.C. §§ 2000e, *et seq.*

35. On or about September 6, 2011, Plaintiff Kapustay filed a charge of

discrimination with the EEOC, a copy of which is attached herein as Exhibit "C" and incorporated by reference.  The charge was assigned no. 473-2011-01341.

36. On or after January 28, 2012, Plaintiff Kapustay received a notice of right to sue letter relating to the allegations asserted herein.  A copy of which is attached hereto as Exhibit "D" and incorporated by reference.  Plaintiff has satisfied the jurisdictional prerequisites in which to bring her federal claims against the Defendant.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant in an amount to be determined at trial, but believed to be in excess of $25,000, for pre judgment and post judgment interest, for reasonable back pay and front pay awards, compensatory damages, punitive damages, attorneys fees, reinstatement, and trial by jury.

RESPECTFULLY SUBMITTED,

*Mark J. Byrne*
**MARK J. BYRNE - #0029243**
JACOBS, KLEINMAN, SEIBEL & MCNALLY
Attorney for Plaintiffs
2300 Kroger Building
1014 Vine Street
Cincinnati, OH  45202
Tele  (513) 381-6600
Fax   (513) 381-4150
E-Mail:  mbyrne@jksmlaw.com

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues contained herein.

*Mark J. Byrne*
**MARK J. BYRNE - #0029243**
Attorney for Plaintiffs