UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANN GARDNER and<br>PAMELA M. KAPUSTAY,<br><br>        Plaintiffs,<br><br>        v.<br><br>WELLPOINT, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) CASE NO. 1:12-cv-00561-JMS-TAB<br>)<br>)<br>)<br>) |

**DISCOVERY ORDER**

The parties appeared by counsel on May 1, 2013, for a telephonic status conference to address various discovery matters. Following an opportunity to be heard, counsel asked to submit informal letters to the Magistrate Judge more specifically outlining their respective positions. The Court agreed to proceed in this fashion and ordered the parties to submit brief letter submissions. [Docket No. 38.] The Magistrate Judge, having reviewed these submissions and considered the arguments presented at the May 1 conference, issues the ruling below.

The discovery dispute centers around Plaintiffs' Rule 30(b)(6) deposition notice that had 34 topics. Defendant agreed to produce a representative on many of the topics, and Plaintiffs agreed to withdraw two other topics. As for the remaining topics, Defendant raised a number of objections. However, as Defendant states in its informal letter, "Defendant's objections regarding the proposed topics in question are grounded, primarily, on the fact that the information sought can more efficiently and appropriately be obtained – and often already has been obtained – by alternative forms of discovery such as interrogatories and production requests." [Defendant's May 2, 2013, letter at 5.]

Plaintiffs take issue with Defendant's suggestion that its prior responses to interrogatories and production requests satisfactorily addresses these topics. The Court finds, generally speaking, that Plaintiffs' position is well taken. As Plaintiffs put it, "The interrogatory responses raise just as many questions as they answer. This area is important as it surely will be a basis by which the Defendant will seek summary judgment." [Plaintiffs' May 2, 2013, letter at 3.] The fact that Defendant responded to interrogatories and requests for production does not foreclose Plaintiffs' ability to conduct a Rule 30(b)(6) deposition on related topics, particularly when those topics appear to be central to the case and potentially outcome determinative.

Most parties would happily forego a well-targeted deposition by answering written questions under oath in interrogatory form and producing a pile of documents. Plaintiffs are not required to accept this discovery gambit. Plaintiffs are entitled to follow up this initial discovery with the deposition mechanism provided by Rule 30(b)(6). While interrogatory responses and document production should help pave the way for a more focused Rule 30(b)(6) deposition, written discovery of this sort does not foreclose deposition discovery.

This is not to say that Plaintiffs have a license to plow the same ground they have already tilled through written discovery. Rather, Rule 30(b)(6) depositions should seek to supplement and clarify the discovery Plaintiffs already have in hand. For these reasons, the Court declines Defendant's request to issue a protective order prohibiting the disputed Rule 30(b)(6) discovery. However, Defendant also has objected on privilege grounds. The viability of these privilege objections is not readily determinable through the informal letters and arguments the parties have submitted. Indeed, the letters reveal that the parties' discovery dispute remains somewhat in flux.

Thus, the parties should proceed with the Rule 30(b)(6) deposition. Defendant has the right to instruct a witness not to answer on the basis of a privilege. If the privilege issues cannot be resolved at the deposition, Plaintiffs may ask that disputed questions involving the asserted privilege be certified for presentation to the Court by way of a motion to compel. If it turns out that Defendant improperly asserted this privilege, Defendant faces the possibility that further deposition discovery along these lines will be on Defendant's dime. The Court expects—and has no reason to doubt—that counsel will work cooperatively to respect the breadth of discovery while preserving the importance of properly asserted privileges.

Dated:  05/14/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Mark J. Byrne
JACOBS KLEINMAN SEIBEL & MCNALLY
mbyrne@jksmlaw.com

Alejandro Valle
GONZALEZ SAGGIO & HARLAN LLP
vallea@gshllp.com